UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GENERAL DRIVERS,
WAREHOUSEMEN
& HELPERS, LOCAL UNION NO. 89                              PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:15-CV-00572-CRS

JACK COOPER TRANSPORT CO. AND
NATIONAL AUTOMOBILE
TRANSPORTERS BOARD OF ARBITRATION                          DEFENDANTS

**MEMORANDUM OPINION**

    Plaintiff General Drivers, Warehousemen and Helpers, Local Union No. 89 (the "Union") and Defendant Jack Cooper Transport Co. ("Jack Cooper") are parties to the National Master Automobile Transporters Agreement ("NMATA"). The NMATA provides that a Board of Arbitration ("BOA") shall settle certain grievances under the agreement.

    The Union filed an amended complaint to vacate an arbitration decision and award. Jack Cooper moves to dismiss the Union's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court will grant Jack Cooper's motion to dismiss.

1

# I. Background

The Court will review the relevant NMATA provisions and then trace this matter's factual background.

The NMATA binds the parties from June 1, 2011 through August 31, 2015. Article 7 of the NMATA describes the process for resolving grievances. Section 9 states that "If any grievance or dispute is deadlocked by the National Joint Arbitration Committee … the Committee shall submit the grievance to a Board of Arbitration consisting of three (3) members." These members are to include: "(1) The Union Co-Chairperson or a member appointed by same; (2)The Employer Co-Chairperson or a member appointed by same; (3) The two (2) Co-Chairpersons together selecting a third (3rd) disinterested arbitrator from any of the eight (8) neutral arbitrators on the list described in [the NMATA]." NMATA Article 7, § 9(a), ECF No. 13-1. Under the NMATA, "The findings and decision of a majority of the Board of Arbitration shall be final and binding on the parties and the employees involved." *Id.* § 9(g).

The Union and Jack Cooper were also parties to a local rider agreement, *Teamsters Local Jack Cooper Transport L.A.P. – Shelbyville Shuttle Agreement* ("Shuttle Agreement"). The Shuttle Agreement took effect on January 2, 2014. The Agreement says that "Units for shuttle will be lined up in load lines at all times." Shuttle Agreement ¶ 4, ECF No. 13-2. On June 23, 2014, the Union filed a grievance against Jack Cooper alleging the company failed to comply with the provision. The parties were unable to resolve the grievance themselves, and the Central Automobile Transporters Joint Arbitration Committee subsequently deadlocked on the issue.

Due to the deadlock, the issue was sent to the Board of Arbitration ("BOA"). The BOA issued a decision and award for Jack Cooper. The BOA said that the issue was identical to an

issue from a 2007 case in which the BOA dealt with a similar provision under a different agreement.

The BOA consisted of a Union representative, a neutral arbitrator, and Kenneth Zatkoff, who is current counsel for Jack Cooper. Zatkoff also assisted Jack Cooper in formulating a response to the Union's grievance and preparing for the arbitration proceedings prior to the BOA arbitration. The Union alleges it was unaware at the time of the BOA proceedings that Zatkoff previously assisted Jack Cooper in the matter. Second Am. Compl. ¶ 17, ECF No. 13; *see also id.* ¶¶ 40, 42.

The Union filed a complaint with this Court seeking to vacate the arbitration decision. Jack Cooper moves this Court to dismiss the complaint.

## II. Standard: Motion to Dismiss

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

## III. Discussion

The Union seeks to vacate the BOA's arbitration decision and award on the grounds that (a) the BOA breached the NMATA and Shuttle Agreement when it failed to construe or apply the agreements to the issue, and (b) an arbitrator was evidently partial against the Union.

a. Breach of Agreement

This Court's review of an arbitrator's decision is "one of the narrowest standards of judicial relief in all of American jurisprudence." *Local 1982, Int'l Longshoremen's Ass'n v. Midwest Terminals of Toledo, Int'l, Inc.*, 560 F. App'x 529, 536 (6th Cir. 2014) (quoting *Lattimer–Stevens Co. v. United Steelworkers of Am.*, 913 F.2d 1166, 1169 (6th Cir.1990)).

"Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Oakwood Healthcare, Inc. v. Oakwood Hosp. Employees Local 2568*, 615 F. App'x 302, 304 (6th Cir. 2015) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam)). "[I]f an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.* (quoting *Garvey*, 532 U.S. at 509).

The parties contracted to have an arbitrator settle disputes between them rather than a judge. Therefore, "[i]t is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).

The Sixth Circuit has defined the limited confines of review to three questions of "procedural aberration":

> • Did the arbitrator act "outside his authority" by resolving a dispute not committed to arbitration?
>
> • Did the arbitrator commit fraud, have a conflict of interest or otherwise act dishonestly in issuing the award?
>
> • In resolving any legal or factual disputes, was the arbitrator "arguably construing or applying the contract"?

*Oakwood Healthcare, Inc.*, 615 F. App'x at 304 (quoting *Mich. Family Res., Inc. v. SEIU Local 517M*, 475 F.3d 746, 753 (6th Cir.2007) (en banc). "So long as the arbitrator does not offend any of these requirements, the request for judicial intervention should be resisted even though the arbitrator made serious, improvident or silly errors in resolving the merits of the dispute." *Mich. Family Res.*, 475 F.3d at 753 (internal quotations omitted).

The Union claims Defendants breached the NMATA and the Shuttle Agreement when the BOA ignored language in the Shuttle Agreement in deciding the case. The Shuttle Agreement says that "units for shuttle will be lined up in load lines at all times." Shuttle Agreement ¶ 4, ECF No. 13-2. According to the Union, "Absent an infeasibility exception, the BOA's reliance on "possibility" finds no basis in the NMATA or Shuttle Agreement." *Id.*

Even under a motion to dismiss standard, plaintiffs contesting an arbitration award face a near herculean feat in maintaining their claim when arguing that an arbitrator did not even *arguably* construe or apply a contract. Only the "rare case" will successfully accomplish this task. *Oakwood Healthcare, Inc.*, 615 F. App'x at 304 (quoting *Garvey*, 532 U.S. at 512). This is not one of those cases.

In its terse half-page discussion and decision of the grievance, the BOA mentions this matter's pertinent contract provision: "Units for shuttle will be lined up in load lines at all times." ECF No. 13-3. The BOA quotes language from what it says is a relevant previous BOA decision dealing with identical contractual language. Based on the previous ruling and BOA

factual determinations concerning "major operational changes" to the relevant area that make it "no longer possible for units to be moved by Jack Cooper" in the relevant fashion, the BOA found that the grievance could not be upheld. *Id.*

The Union has not alleged sufficient factual matter to state a claim to vacate the arbitration award. Based on their pleadings and without assessing the BOA decision's merits, the BOA has arguably construed the Shuttle Agreement and the NMATA. The Court will grant Jack Cooper's motion to dismiss the Union's complaint premised on a breach of the agreement.

b. BOA Partiality

The Court may vacate an arbitration award when a plaintiff demonstrates "evident partiality" of the arbitration panel. 9 U.S.C. § 10(a)(2). "[T]o invalidate an arbitration award on the grounds of bias, the challenging party must show that 'a reasonable person would have to conclude that an arbitrator was partial' to the other party to the arbitration." *Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1358 (6th Cir. 1989). The party seeking to invalidate the arbitration decision "must demonstrate more than an amorphous institutional predisposition toward the other side." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 645 (6th Cir. 2005) (quoting *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 329 (6th Cir. 1998)). "The alleged partiality must be direct, definite, and capable of demonstration, and 'the party asserting [it] ... must establish specific facts that indicate improper motives on the part of the arbitrator.'" *Id.* (quoting *Andersons, Inc.*, 166 F.3d at 329).

Furthermore, "as a general rule, a grievant must object to an arbitrator's partiality at the arbitration hearing before such an objection will be considered by the federal courts." *Apperson*, 879 F.2d at 1358-59; *see also Questar Capital Corp. v. Gorter*, 909 F. Supp. 2d 789, 811 (W.D. Ky. 2012) (compiling cases supporting this proposition). "'When the reasons supporting an

objection are known beforehand,' failure to object will not be excused." *Apperson*, 879 F.2d at 1359 (6th Cir. 1989) (quoting *United Steelworkers of America Local 1913 v. Union R.R. Co.*, 648 F.2d 905, 913 (3d Cir. 1981)).

The Union alleges that Zatkoff helped in preparing the Defendant's case for arbitration and then served as a BOA member on the case without disclosing his role to the Union. Zatkoff's assistance on this very matter at earlier stages of arbitration, according to the Union, constitutes impermissible and evident partiality.

Jack Cooper first argues that the Union was aware that Zatkoff represented Jack Cooper and failed to object to his inclusion on the BOA. The Union's second amended complaint, however, alleges that "Unbeknownst to Local 89, prior to hearing the case as a member of the Board of Arbitration, Zatkoff assisted with the preparation of Cooper's case and response to the Union's grievance." ¶ 17, ECF No. 13; *see also id.* ¶¶ 40, 42. This is a factual dispute that is misplaced in considering a motion to dismiss. For purposes of this motion, the Court will assume as true the Union's allegation that it was unaware of Zatkoff's prior involvement in the matter and will assess whether the Union has sufficiently alleged his evident partiality.

An arbitrator's personal relationship and even business association with a party does not necessarily lead a reasonable person to conclude the arbitrator was evidently partial. Indeed, in *Nationwide Mut. Ins.*, the Sixth Circuit Court of Appeals found that the party moving to vacate an arbitration award failed to demonstrate that a reasonable person would conclude that an arbitrator was partial when he had revealed that he had past business relationships with a party in unrelated matters. 429 F.3d at 648. The Court also found that the arbitrator's social relationships

with parties that did not involve communication relating to the arbitration did not constitute partiality under this standard. *Id.* at 649.

The Union has alleged facts suggesting a relationship between the arbitrator and Jack Cooper that go beyond unrelated business and social matters. However, the BOA structure is what the parties bargained for in the arbitration agreement and the alleged partiality does not rise to a level above the parties' bargain. *See* NMATA Article 7, § 9(a), ECF No. 13-1. The terms of the NMATA make the Union aware that the Employer co-chairperson or a member appointed by the co-chairperson would be a BOA member. *Id.* Likewise, the Union co-chairperson or a member appointed by that co-chairperson would be another BOA member. *Id.* The third BOA member would be the neutral arbitrator. *Id.* The parties bargained for a single neutral arbitrator to hear the case alongside two arbitrators who would be presumed to be disposed toward their affiliated party. In effect, the neutral decides the dispute with support from one of the two other BOA members.

Zatkoff is said to represent Jack Cooper as legal counsel generally. *See* First Am. Compl. ¶ 40. The Union alleged Zatkoff was personally involved in the present matter during the initial stages of arbitration. While this might raise concerns if the arbitration agreement required but a single neutral arbitrator, the structure of the BOA here, agreed to by the Union and the Employer, does not provide a basis for this Court to vacate the arbitration decision and award. Plaintiff does not allege the neutral arbitrator was partial to either side. Therefore, based on the presented factual allegations, the Court finds no prejudice to the Union or its right to a fair arbitration hearing.

The Court will grant Jack Cooper's motion to dismiss the Union's complaint to vacate the arbitration decision and award on the grounds of a partial arbitrator.

The Court will enter a separate order in accordance with this opinion.

November 25, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**