UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GENERAL DRIVERS,
WAREHOUSEMEN
& HELPERS, LOCAL UNION NO. 89                                    PLAINTIFF

v.                                                               CIVIL ACTION NO. 3:15-CV-00572-CRS

JACK COOPER TRANSPORT CO. AND
NATIONAL AUTOMOBILE
TRANSPORTERS BOARD OF ARBITRATION                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendant Jack Cooper Transport Company ("Jack Cooper") moves for sanctions against Plaintiff General Drivers, Warehousemen & Helpers, Local Union No. 89 (the "Union") under Fed. R. Civ. P. 11(b) for maintaining a frivolous cause of action. Jack Cooper also seeks an award of costs and attorney fees under the terms of the parties' collective bargaining agreement. The Court will deny Jack Cooper's motion.

The Union filed a complaint and subsequently an amended complaint to vacate a May 28, 2015 arbitration award. The Court granted Jack Cooper's motion dismiss for failure to state a claim. Order, ECF No. 19.

A court may impose sanctions on a party under Fed. R. Civ. P. 11. Rule 11 requires the Court to determine whether "the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002) (internal citation and quotation omitted). In the Sixth Circuit, "the test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the

1

circumstances." *Id.* (internal citation and quotation omitted). While a party may fail to state a claim for relief, that alone is inadequate for the Court to impose sanctions. *Id.*; *see also Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003).

In this case, Jack Cooper argues that the Union's claims were without legal or factual merit. The National Master Automobile Transporters Agreement ("NMATA") – a collective bargaining agreement that regulates the conduct of both parties – states that the NMATA Board of Arbitration resolves relevant disputes and grievances between employers and unions. The Union brought suit challenging a NMATA Board of Arbitration decision. The Union made the unsuccessful argument that the terse, half-page decision did not comport with the collective bargaining agreement. While this line of argument was unsuccessful and the legal standard the Court applied was narrow, the Court finds that the Union's argument was within reason and, therefore, was made in good faith and not frivolously. Indeed, the NMATA requires a party unsuccessful at challenging a Board of Arbitration decision to pay the other party the cost of such challenge. NMATA Article 7, Section 10, ECF No. 20-4. This suggests that the Union believed in the legitimacy of its claim enough to risk paying the other party's legal costs if the Union was unsuccessful. The Court will deny Jack Cooper's motion for sanctions.

Jack Cooper also seeks an award of costs and attorney fees under the parties' collective bargaining agreement. Any obligation to pay costs and attorney fees which may arise under the collective bargaining agreement is separate and apart from conduct sanctionable under Rule 11. Indeed, this obligation is triggered by a challenge to a Board of Arbitration decision which does not result in a modification or vacation of the Board of Arbitration decision, irrespective of whether the challenge is otherwise sanctionable under Rule 11. In any event, the obligation, if any, is contractual and not in issue in this litigation. The Court will therefore decline to consider

the injection of a new issue at this juncture, and will accordingly decline to award costs and attorney fees to Jack Cooper under the collective bargaining agreement, without prejudice.

The Court **DENIES** Defendant Jack Cooper Transport Company's motion for sanctions (DN 20).

**IT IS SO ORDERED.**

January 28, 2016

Charles R. Simpson III, Senior Judge
United States District Court

3